Zaven A. Pehlevanian, ESQ (SBN:330750)
Law Offices of Zaven A. Pehlevanian, PC.
18017 Chatsworth Street, Suite 532
Granada Hills, CA 91344
818-579-7479 | 818-579-7396
Zaven@pehlevanianlaw.com

**FILED**
NOV 08 2021
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| EDWARD CHRISTOPHER. PEHLEVANIAN, | Chapter 7 |
|---|---|
| Debtor | Case No. 1:20-bk-11680-VK<br>Adv. No.<br><br>PETITIONER, EDWARD CHRISTOPHER PEHLEVANIAN'S REQUEST TO DETERMIND DISCHARGABILITY OF AND DISCHARGE STUDENT LOAN DEBT |
| EDWARD CHRISTOPHER. PEHLEVANIAN,<br><br>Debtor<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION AND MIDLAND FUNDING LLC,<br><br>Defendants | Date:<br>Time:<br>Courtroom: |

TO THE COURT AND ALL PARTIES IN INTEREST:

Plaintiff(s), Edward Christopher Pehlevanian by and through his undersigned counsel, files this Complaint pursuant to 11 USC § 523(a)(8) of the United States Bankruptcy Code and alleges the following in support of the requested relief:

//

EDWARD PEHLEVANIAN ADVERSARY PROCEEDING

## INTRODUCTION

1. This is an action to request discharge of student loans under 11 USC § 523(a)(8) of the United States Bankruptcy Code in the chapter 7 bankruptcy case of Plaintiff Edward Christopher Pehlevanian, case number 2:14-bk-24463-RK, pending in the U.S. Bankruptcy Court for the Central District of California, Los Angeles Division.

2. Defendant is eligible for discharge as a debtor in his bankruptcy case pursuant 11 USC § 523(a)(8).

## JURISDICTION

3. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. § 727. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## VENUE

4. Venue is proper under 28 U.S.C. § 1409.

## PARTIES

5. Plaintiff Edward Christopher Pehlevanian is an individual, and was at all relevant times herein, a resident of the State of California, County of Los Angeles.

6. Defendant Joseph Ellison is an individual, who at all relevant times herein, is and was resident of the City of Los Angeles, County of Los Angeles, California.

## BACKGROUND FACTS

7. Edward Christopher Pehlevanian attended and graduated from ITT Technical Institute at their campus located in Sylmar, California.

8. Edward Christopher Pehlevanian received an associate and bachelor's degree from ITT Technical Institute.

9. Defendant ITT Technical Institute provides career-oriented undergraduate and

graduate degree programs in technology, business, and management. In addition to an online program, it offers courses at several in-campus locations, including several campuses in California. Defendant ITT Technical Institute was one of the largest publicly held for-profit higher education companies in North America.

10. Plaintiff Edward Pehlevanian was a student at ITT Technical Institute from April 2002 until October 2005, attending the Electronics Computer Technology program at the Sylmar Campus. Prior to enrolling, Mr. Pehlevanian met with an ITT Technical Institute recruiter, who represented that ITT Technical Institute was an accredited college where students were able to obtain degrees.

11. The recruiter told Mr. Pehlevanian that unlike technical schools that give students certificates that cannot be used towards advanced degrees, academic credits from ITT Technical Institute were transferable to a wide variety of other academic institutions. The recruiter did not give Mr. Pehlevanian any documents explaining that ITT Technical Institute credits were not likely to be accepted by other colleges, and that he would have to start his education over if he chose to attend another college. In reliance on ITT Technical Institute's representations,

12. Mr. Pehevanian signed an enrollment agreement in the presence of the recruiter. He has since incurred approximately $80,000.00-$90,000.00 of educational debt.

13. Since graduating, Mr. Pehlevanian has applied for employment with several different companies, which offer jobs in line with the degrees he received from ITT Technical Institute.

14. He did receive employment as an entry level Technician working for Nautulus Hysong, an ATM manufacturing and maintenance company. However, after several years of employment, he was informed that he would not receive a higher wage or be given the

opportunity to advance because his degree was "USELESS".

15. Upon receiving this news from his manager, Mr. Pehlevanian applied for other jobs but was rejected due to the invalidity of his degrees.

16. After some time, ITT Technical Institute went defuncted and is no longer in operation which was in large part caused by the lies asserted by ITT Technical Institute to elicit enrolment.

17. Mr. Pehlevanian even spoke to several different universities in order to transfer whatever units he can to pursue a valid degree, yet he was informed by all of the universities he met with that his credits were non-transferable, and he would have to start from the begining.

18. Faced with that thought, and the fact that he is unable to afford an education or receive any further student loans since all his current student loans are in default, Mr. Pehlevanian could not proceed with further education.

19. Mr. Pehlevanian has received all deferments and payment assistance opportunities available to him and even consolidated his loans with a different lender yet, he has been unable to make payments.

20. Currently, the loans are in default and the complete amount is due immediately. On the other hand, Mr. Pehlevanian is employed in retail sales as a part time sales associate, has no assets, two children and is living with his parents on a paycheck-to-paycheck basis.

**APPLICABLE LAW**

21. 11 USC § 523(a)(8) allows discharge of debt associated with the pursuit of education if payment of such debt would cause an "undue hardship" Courts have outlined a three-pronged test to decide if an "undue hardship" was present:

(1) that the debtor cannot maintain, based on current income and expenses, a

"minimal" standard of living for herself and her dependents if forced to repay the loans.

(2) that additional circumstances exist indicating that this situation is likely to persist for a significant portion of the repayment period of the student loans.

(3) that the debtor has made good faith efforts to repay the loans.

## LEGAL DISCUSSION

### THE DEBTOR CANNOT MAINTAIN, BASED ON CURRENT INCOME AND EXPENSES, A "MINIMAL" STANDARD OF LIVING FOR HIMSELF AND HIS DEPENDENTS IF FORCED TO REPAY THE LOANS.

22. The right to an adequate standard of living requires, at a minimum, that everyone shall enjoy the necessary subsistence rights: adequate food and nutrition, clothing, housing, and the necessary conditions of care when required.

23. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs above.

24. Mr. Pehlevanian has and continues to rely on government assistance for food receiving food stamps to make ends meet and provide food and nutrition for his children.

25. Further, Mr. Pehlevanian cannot even afford housing which is evidenced by the fact that he has and continues to live with his parents.

26. Lastly, even necessary conditions of care are provided by Medi-Cal governmental assistance.

27. This has been Mr. Pehlevanian's situation since before he graduated and has continued after graduation. He is unable to provide for himself and his children.

28. Thus, as established above, Mr. Pehlevanian cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans.

## THAT ADDITIONAL CIRCUMSTANCES EXIST INDICATING THAT THIS SITUATION IS LIKELY TO PERSIST FOR A SIGNIFICANT PORTION OF THE REPAYMENT PERIOD OF THE STUDENT LOANS.

29. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs above.

30. Mr. Pehlevanian has been unable to maintain a "minimal" standard of living for himself and his dependents since before graduation. He has been out of school for about 10 years and his situation has not changed.

31. Further, the average loan repayment is 15-20 years, which means that Mr. Pehlevanian's situation has been the same for about 2/3s of the loan repayment period.

32. Additionally, Mr. Pehlevanian is currently in default which means the complete balance of the loan is due immediately meaning the loan repayment period is NOW. Thus, for the above discussed reasons, it is evident that those additional circumstances exist indicating that this situation is likely to persist for a significant portion of the repayment period of the student loans.

## THAT THE DEBTOR HAS MADE GOOD FAITH EFFORTS TO REPAY THE LOANS.

33. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs above.

34. Mr. Pehlevanian applied for forebearance to the limits aloted by his loan terms and the laws governing student loans, he also made payments when he was employed and even

applied for and received a consolidation loan to acquire a lower and affordable loan payment.

35. Yet due to his inability to find gainful employment in line with the degree he received, every attempt led to a few made payments followed by an inability to continue a minimal standard of living if forced to make the payments in question.

36. Thus, Mr. Pehlevanian did make several good faith efforts to repay the loan but failed due to circumstances outside of his control.

### RELIEF REQUESTED

WHEREFORE, the Plaintiff(s), Edward Christopher Pehlevanian respectfully request(s) that the Court grant his request and discharge the student loans associated with this matter in accordance with 11 USC § 523(a)(8) of the United States Bankruptcy Code, and for such other and further relief the Court deems appropriate. Dated this 08th day of November 2021.

_____
ZAVEN A. PEHLEVANIAN, ESQ.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Edward Christopher Pehlevanian | DEFENDANTS<br><br>Department Of Education, Midland Funding, LLC |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Offices of Zaven A. Pehlevanian, PC<br>18017 Chatsworth Street, Suite 532<br>Granada Hills, CA 91344 | **ATTORNEYS** (If Known)<br>Zaven A. Pehlevanian, ESQ. (SBN:330750) |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
This is an action to request discharge of student loans under 11 USC § 523(a)(8) of the United States Bankruptcy Code in the chapter 7 bankruptcy case of Plaintiff Edward Christopher Pehlevanian case number 1:20-bk-11680-VK, pending in the U.S. Bankruptcy Court for the Central District of California, Los Angeles Division.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $90,000.00 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Edward Christopher Pehlevanian | BANKRUPTCY CASE NO.<br>||1:20-bk-11680-VK |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>San Fernando Valley || NAME OF JUDGE<br>Victoria S. Kaufman |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE  11/07/2021 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Zaven A. Pehlevanian, ESQ ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.