TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
ELAN S. LEVEY (State Bar No. 174843)
Assistant United States Attorney
     Room 7516, Federal Building
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-3997
     Facsimile: (213) 894-7819
     Email:  elan.levey@usdoj.gov

Attorneys for Defendant,
United States Department of Education

**UNITED STATES BANKRUPTCY COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA –SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | Case No. 1:20-bk-11680-VK |
| EDWARD CHRISTOPHER PEHLEVANIAN,<br><br>      Debtor. | Chapter 7 |
| EDWARD CHRISTOPHER PEHLEVANIAN,<br><br>      Plaintiff,<br><br>    vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al*.,<br><br>      Defendants. | Adv. No. 1:21-ap-01070-VK<br><br>**UNITED STATES DEPARTMENT OF EDUCATION'S ANSWER TO PLAINTIFF'S REQUEST TO DETERMINE DISCHARGEABILITY OF AND DISCHARGE STUDENT LOAN DEBT**<br><br><u>Status Conference</u><br>Date: May 25, 2022<br>Time: 1:30p.m<br>Place: Crtrm 301<br>     21041 Burbank Blvd.<br>     Woodland Hills, CA 91367 |

///

///

///

///

United States Department of Education, a defendant herein ("Defendant"), hereby answers the *Request to Determine Dischargeability of and Discharge Student Loan Debt* ("Complaint") (*Docket No. 1*), filed by Edward Christopher Pehlevanian, the plaintiff herein ("Plaintiff"):

**PREFATORY STATEMENT**

Pursuant to Federal Rules of Bankruptcy Procedure 7008(a) and 7012(b) and Local Bankruptcy Rule 7008-1, Defendant consents to the entry of final orders or judgment by this Court.

**INTRODUCTION**

1.      Paragraph 1 contains a characterization of the relief sought, to which no response is required.  To the extent a response may be required, Defendant denies the allegations contained therein. Defendant further alleges that Plaintiff is not entitled to any relief. Additionally, Defendant denies the underlying Chapter 7 bankruptcy bears case number 2:14-bk-24463-RK and is pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division.  Defendant states that the underlying Chapter 7 bankruptcy case was filed in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division and bears the case number 1:20-bk-11680-VK.

2.      Paragraph 2 contains a legal interpretation of 11 U.S.C. § 523(a)(8) to which no response is required.  To the extent a response may be required, Defendant denies the allegations contained therein.  Further, Defendant alleges that the student loans owed by Plaintiff to Defendant are non-dischargeable debts pursuant to 11 U.S.C. § 523(a)(8).

**JURISDICTION**

3.      Paragraph 3 contains an allegation of jurisdiction and an allegation that this matter is a core proceeding, to which no response is required.  To the extent an answer is deemed required, Defendant admits that jurisdiction is proper in the United States Bankruptcy Court for the Central District of California. Defendant denies that this court has jurisdiction over this matter pursuant to 11 U.S.C. § 727 but instead alleges that this court has jurisdiction over this matter pursuant to 11 U.S.C. § 523. Additionally, Defendant denies that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J), but instead alleges that this matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(I).

1

### VENUE

1.      Paragraph 4 contains an allegation of venue, to which no response is required.  To the extent an answer is deemed required, Defendant admits that venue is proper in the United States Bankruptcy Court for the Central District of California.

### PARTIES

2.      In response to Paragraph 5, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

3.      In response to Paragraph 6, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 6, and on that basis, Defendant denies the allegations.  Defendant further states that Joseph Ellison is not named as a defendant in the caption of this adversary proceeding. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

### BACKGROUND FACTS

4.      In response to Paragraph 7, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

5.      In response to Paragraph 8, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

6.      In response to Paragraph 9, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

///

7.      In response to Paragraph 10, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

8.      In response to Paragraph 11, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

9.      In response to Paragraph 12, Defendant admits that, as of March 16, 2022, Plaintiff owes $80,837.71 in unpaid principal and accrued interest on the student loans held by Defendant.  With regard to the remaining allegations of Paragraph 12, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

10.      In response to Paragraph 13, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

11.      In response to Paragraph 14, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

12.      In response to Paragraph 15, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

13.      In response to Paragraph 16, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16, and on that basis, Defendant

denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

14.    In response to Paragraph 17, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

15.    In response to Paragraph 18, Defendant admits that on or about May 14, 2014, Plaintiff executed a promissory note to secure Direct Consolidation Loans from Defendant.  Further, Defendant admits that on or about November 19, 2019, Plaintiff defaulted on the obligations due under the terms of said promissory note. With regard to the remaining allegations of Paragraph 18, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

16.    In response to Paragraph 19, Defendant admits that on or about May 14, 2014, Plaintiff executed a promissory note to secure Direct Consolidation Loans from Defendant.  Additionally, Defendant admits that there have been $2,422.08 worth of payments made on the student loans held by Defendant. With regard to the remaining allegations of Paragraph 19, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

///
///
///
///
///
///
///
///

17.     In response to Paragraph 20, Defendant admits that on or about May 14, 2014, Plaintiff executed a promissory note to secure Direct Consolidation Loans from Defendant.  Further, Defendant admits that on or about November 19, 2019, Plaintiff defaulted on the obligations due under the terms of said promissory note. Defendant denies that the full balance of Plaintiff's student loans held by Defendant, including the principal and any capitalized and accrued interest, is immediately due. Defendant states that beginning on or about March 13, 2020 and through at least August 31, 2022, as a result of the CARES Act and subsequent extensions of emergency relief, Federal Student Aid, through the U.S. Department of Education, has provided temporary relief measures on its federal student loans, including suspension of loan payments, stopped collections on defaulted loans, and a 0% interest rate. With regard to the remaining allegations of Paragraph 20, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

## APPLICABLE LAW

18.     Paragraph 21 and the three subparagraphs thereto contain a legal interpretation of 11 U.S.C. § 523(a)(8), to which no response is required.  Should an answer be required, Defendant admits Plaintiff may only seek a discharge of student loan debts held by Defendant in an adversary proceeding pursuant to 11 U.S.C. § 523(a)(8) and all applicable and relevant law. To the extent this Paragraph and the three subparagraphs thereto are deemed to contain allegations of material fact, each and every allegation is denied.

## LEGAL DISCUSSION

**THE DEBTOR CANNOT MAINTAIN, BASED ON CURRENT INCOME AND EXPENSES, A "MINIMAL" STANDARD OF LIVING FOR HIMSELF AND HIS DEPENDENTS IF FORCED TO REPAY THE LOANS.**

19.     Paragraph 22 appears to contain a recitation from Article 25(1) of the so-called Universal Declaration of Human Rights, to which no response is required. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

///

20.     In response to Paragraph 23, Defendant re-alleges and incorporates its responses to Paragraphs 1 through 22 inclusive of the Complaint set forth above.

21.     In response to Paragraph 24, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

22.     In response to Paragraph 25, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

23.     In response to Paragraph 26, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 26, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

24.     In response to Paragraph 27, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

25.     In response to Paragraph 28, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

**THAT ADDITIONAL CIRCUMSTANCES EXIST INDICATING THAT THIS SITUATION IS LIKELY TO PERSIST FOR A SIGNIFICANT PORTION OF THE REPAYMENT PERIOD OF THE STUDENT LOANS.**

26.     In response to Paragraph 29, Defendant re-alleges and incorporates its responses to Paragraphs 1 through 28 inclusive of the Complaint set forth above.

///

27.     In response to Paragraph 30, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

28.     In response to Paragraph 31, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31, and on that basis, Defendant denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

29.     In response to Paragraph 32, Defendant denies that the full balance of Plaintiff's student loans held by Defendant, including the principal and any capitalized and accrued interest, is immediately due and owing. Defendant states that beginning on or about March 13, 2020 and through at least August 31, 2022, as a result of the CARES Act and subsequent extensions of emergency relief, Federal Student Aid, through the U.S. Department of Education, has provided temporary relief measures on its federal student loans, including suspension of loan payments, stopped collections on defaulted loans, and a 0% interest rate.  With regard to the remaining allegations of Paragraph 32, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

**THAT THE DEBTOR HAS MADE GOOD FAITH EFFORTS TO REPAY THE LOANS.**

30.     In response to Paragraph 33, Defendant re-alleges and incorporates its responses to Paragraphs 1 through 32 inclusive of the Complaint set forth above.

31.     In response to Paragraph 34, Defendant admits that on or about May 14, 2014, Plaintiff executed a promissory note to secure Direct Consolidation Loans from Defendant. Additionally, Defendant admits that there have been $2,422.08 worth of payments made on the student loans held by Defendant. With regard to the remaining allegations of Paragraph 34, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

7

32.      In response to Paragraph 35, Defendant admits that there have been $2,422.08 worth of payments made on the student loans held by Defendant. With regard to the remaining allegations of Paragraph 35, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

33.      In response to Paragraph 36, Defendant admits that there have been $2,422.08 worth of payments made on the student loans held by Defendant. With regard to the remaining allegations of Paragraph 36, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

## RELIEF REQUESTED

34.      The section beginning with "Wherefore" constitutes a prayer for relief, to which no response is required.  To the extent a response may be required, Defendant denies the allegations contained therein.  Defendant further alleges that Plaintiff is not entitled to any relief.

35.      Any allegation contained in Plaintiff's Complaint which has not been admitted, denied or accepted is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief against Defendant can be granted.

## SECOND AFFIRMATIVE DEFENSE

The student loans owed by Plaintiff to Defendant are non-dischargeable debts pursuant to 11 U.S.C. § 523(a)(8).

///

///

///

///

///

///

///

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

**WHEREFORE**, Defendant prays for judgment as follows:

    (1)    That Plaintiff be denied the relief requested in the Complaint;

    (2)    Declaring that Plaintiff's student loan indebtedness, if any, due and owing to the United States Department of Education, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(8);

    (3)    For costs of suit incurred herein; and

    (4)    For such other and further relief as the Court may deem just and proper.

Dated: April 29, 2022          Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

*/s/ Elan S. Levey*
ELAN S. LEVEY
Assistant United States Attorney

Attorneys for Defendant,
United States Department of Education

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
United States Attorney's Office, 300 N. Los Angeles Street, Room 7516, Los Angeles, California 90012

A true and correct copy of the foregoing document entitled **UNITED STATES DEPARTMENT OF EDUCATION'S ANSWER TO PLAINTIFF'S REQUEST TO DETERMINE DISCHARGEABILITY OF AND DISCHARGE STUDENT LOAN DEBT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 29, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Elan S Levey**                     elan.levey@usdoj.gov, julie.morales@usdoj.gov
- **Zaven Armen Pehlevanian**    zaven@pehlevanianlaw.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Nancy J Zamora (TR)**           zamora3@aol.com, nzamora@ecf.axosfs.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **April 29, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 29, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 29, 2022 | JULIE MORALES | |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                          **F 9013-3.1.PROOF.SERVICE**