E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ELAN S. LEVEY (State Bar No. 174843)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3997
    Facsimile: (213) 894-7819
    Email: elan.levey@usdoj.gov
Attorneys for Defendant, United States Department of Education

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA –SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>EDWARD CHRISTOPHER PEHLEVANIAN,<br><br>    Debtor. | Case No. 1:20-bk-11680-VK<br><br>Chapter 7 |
| EDWARD CHRISTOPHER PEHLEVANIAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al*.,<br><br>    Defendants. | Adv. No. 1:21-ap-01070-VK<br><br>**STIPULATION TO DISMISS ADVERSARY PROCEEDING WITHOUT PREJUDICE**<br><br><u>Pre-Trial Conference</u><br>Date: July 12, 2023<br>Time: 1:30 p.m.<br>Place: Courtroom 301<br>    21041 Burbank Blvd.<br>    Woodland Hills, CA 91367 |

///

///

///

IT IS HEREBY STIPULATED by and between Plaintiff Edward Christopher Pehlevanian ("Plaintiff"), and Defendant United States Department of Education ("Defendant"), through their respective counsel of record (collectively, the "Parties"):

**RECITALS**

A.   On or about November 8, 2021, Plaintiff filed a complaint for the determination of dischargeability of student loan debt, pursuant to 11 U.S.C. Section 523(a)(8) (Docket No. 1) ("Complaint"), commencing the subject adversary proceeding ("Adversary Proceeding").

B.   After the issuance of Another Summons, Defendant timely filed an Answer to the Complaint.

C.   Pre-petition, on May 14, 2014, Plaintiff executed a Federal Direct Consolidation Loan Application and Promissory Note ("Note") to obtain two Federal Direct Consolidation Loans (collectively, the "Consolidation Student Loans") from Defendant.

D.   On June 12, 2014, Defendant disbursed proceeds of the Consolidation Student Loans pursuant to the Note on Plaintiff's behalf in the principal amounts of $36,277.33 and $24,778.37 at 6.375% interest per annum, which paid off in full Plaintiff's 13 underlying federal student loans (collectively, the "Underlying Student Loans") to attend ITT Technical Institute ("ITT Tech"). As a result, instead of having 13 different federal student loans, Plaintiff consolidated them into two – the Consolidation Student Loans.

E.   The Consolidation Student Loans were made under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a *et seq*. (34 C.F.R. Part 685).

F.   The Note evidences student loans made to or on behalf of Plaintiff under a program funded in whole or in part by a governmental unit within the meaning of 11 U.S.C. § 523(a)(8). Defendant currently holds all right, title and interest in the Note and the Consolidation Student Loans.

G.   The unpaid balance of the Consolidation Student Loans is approximately $80,837.71, consisting of unpaid principal of $62,198.69 and unpaid accrued interest of $18,639.02. To date, $2,422.08 in payments have been credited to the Consolidation Student Loans.

H.	On June 22, 2022, Defendant reached a settlement in a class action lawsuit, entitled *Sweet v. Cardona* (formerly *Sweet v DeVos*), Case No. 3:19-cv-03674-WHA (N.D. Cal.), which affected the processing of borrower defense applications ("Borrower Defense Settlement"). "Borrower defense" refers to any act or omission of the school attended by the student that relates to the making of the loan for enrollment at the school or the provision of educational services for which the loan was provided, that would give rise to a cause of action against the school under applicable state law, and includes one or both of the following: (i) a defense to repayment of amounts owed to Defendant, in whole or in part; and/or (ii) a claim to recover amounts previously collected by Defendant, in whole or in part ("Borrower Defense Administrative Discharge"). 34 C.F.R. § 685.206(c)(1).

I.	The Borrower Defense Settlement became effective on January 28, 2023 and ITT Tech is included on the list of schools subject to the settlement. In order to implement the terms of the Borrower Defense Settlement, Defendant must review each Underlying Student Loan individually to determine eligibility for a Borrower Defense Administrative Discharge. Thus far, Defendant has approved four of Plaintiff's Underlying Student Loans for a Borrower Defense Administrative Discharge. Defendant is in process of reviewing Plaintiff's remaining Underlying Student Loans for a Borrower Defense Administrative Discharge and a refund of any payments that Plaintiff made on those loans. 34 C.F.R. § 685.206(e)(8)(iv).

J.	Plaintiff alleges that repayment of the Consolidation Student Loan would be an undue hardship pursuant to 11 U.S.C. § 523(a)(8).

K.	In order to resolve this matter without the need for further litigation, the Parties agree that Plaintiff will dismiss the Adversary Proceeding without prejudice to allow Defendant to complete the Borrower Defense Administrative Discharge review and refund process, and the Parties further agree that such resolution is appropriate under the circumstances set forth below.

## **STIPULATION**

1.	The Recitals set forth above are hereby incorporated into the Stipulation by this reference.

///

///

2. Pursuant to Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure 41(a), the Adversary Proceeding shall be dismissed in its entirety without prejudice.

3. The terms of this Stipulation shall survive and be effective in any future bankruptcy filing under any chapter of the United States Bankruptcy Code by Plaintiff.

4. Any and all individual taxation consequences as a result of this Stipulation are the sole and exclusive responsibility of Plaintiff. Defendant does not warrant any representation of any tax consequences of this Stipulation. Nothing contained herein shall a constitute a waiver by Plaintiff of any right to challenge any tax consequences of this Stipulation and/or any cancellation of debt resulting from forgiveness of any balance due on the Consolidation Student Loan.

5. If any one or more terms or provisions of this Stipulation is/are held to be unenforceable, the remaining terms and provisions shall remain in full force and effect and shall be construed as if the unenforceable provisions had never been contained in this Stipulation.

6. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all Parties hereto. Any attempted oral or implied amendment, modification or waiver shall be null and void.

7. Except as provided in this Stipulation, all other terms of the Notes remains in effect and are hereby incorporated by reference. To the extent that the terms of the Notes conflict with the terms of this Stipulation, the terms in this Stipulation control.

8. This written agreement contains all of the agreements between the Parties, and is intended to be and is the final and sole agreement between the Parties. The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this written agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this agreement must be in writing, and must be signed and executed by the Parties.

9. The Stipulation shall be binding upon any successors of Defendant or assignees of the Consolidation Student Loan.

///

///

///

1   10. Plaintiff agrees to accept the terms set forth in this Stipulation in full settlement and
2   satisfaction of any and all claims, demands, rights, and causes of action of any kind and nature
3   whatsoever, arising from the same subject matter that gave rise to the Adversary Proceeding, including
4   any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether
5   for compensatory or exemplary damages.

6   11. The Parties to this Stipulation represent and warrant that they have reviewed and
7   understand its terms and contents.  The Parties to this Stipulation further represent and warrant that each
8   has the power to execute, deliver, and perform this Stipulation agreement; that each has taken all
9   necessary action to authorize the execution, delivery, and performance of this Stipulation agreement;
10  and that this Stipulation is enforceable in accordance with its terms.

11  12. The Parties hereby acknowledge and agree that they have been represented by, or had
12  the opportunity to seek representation by, independent counsel of their own choice throughout all
13  negotiations that preceded the execution of this Stipulation.

14  13. Plaintiff represents and acknowledges that he enters into this Stipulation freely and
15  voluntarily. Plaintiff further acknowledges that he had sufficient opportunity to consult with an attorney
16  regarding the terms and conditions of this Stipulation.

17  14. It is contemplated that this Stipulation may be executed in several counterparts with a
18  separate signature page for each party. All such counterparts and signature pages, collectively, shall be
19  deemed to be one document.

20  15. All notices pursuant to this Stipulation shall be sent by U.S. Mail, postage paid:

21  **If to Plaintiff:**
    Edward Christopher Pehlevanian
22  17140 Stare St.
    Northridge, CA 91325
23
    **If to Education:**
24  U.S. Department of Education
    Attention: Philipe Guillon
25  Litigation Unit
    Federal Student Aid
26  50 United Nations Plaza
    Mail Box 1200, Room 1240
27  San Francisco, CA 94102

28  ///

4

16. The Parties certify that they have read and fully understand its terms.

17. The Parties agree to bear their own attorney's fees and costs in connection with the Adversary Proceeding.

Dated: May 24, 2023

PEHLEVANIAN LAW GROUP, APC

By: _____
ZAVEN A. PEHLEVANIAN
Attorneys for Plaintiff,
Edward Christopher Pehlevanian

Dated: May 23, 2023

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ Elan S. Levey
ELAN S. LEVEY
Assistant United States Attorney

Attorneys for Defendant,
United States Department of Education

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
United States Attorney's Office, 300 N. Los Angeles Street, Room 7516, Los Angeles, California 90012

A true and correct copy of the foregoing document entitled ***STIPULATION TO DISMISS ADVERSARY PROCEEDING WITHOUT PREJUDICE*** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 25, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Elan S Levey**                    elan.levey@usdoj.gov, julie.morales@usdoj.gov
- **Zaven Armen Pehlevanian**    zaven@plg.legal
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Nancy J Zamora (TR)**         zamora3@aol.com, nzamora@ecf.axosfs.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **May 25, 2023** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 25, 2023** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|---|---|---|
| May 25, 2023 | JULIE MORALES | *[signature]* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**